UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

WILLIE FARMER, JR.                                                          PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 2:04CV325-RHW

CHARLOTTE DAVIS, et al                                              DEFENDANTS

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT

Plaintiff has filed a Motion [43] for Summary Judgment on his claims for injuries that he alleges arose from an incident during his incarceration.  Specifically, Plaintiff alleges that Defendant Charlotte Davis sexually harassed him and that she closed an automatic door on him which caused injuries.

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial.  *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552."  *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).  In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion.  *Union Planters*

*Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by

informing the court of the basis of its motion, and by identifying portions of the record which

highlight the absence of genuine factual issues.  *Topalian*, 954 F.2d at 1131.  "Rule 56

contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the

movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."

*John*, 757 F.2d at 708.  Summary judgment cannot be supported solely on the ground that the

non-moving party failed to respond to the motion for summary judgment.  *Id.* at 709.  However,

once a properly supported motion for summary judgment is presented, the nonmoving party must

rebut with "significant probative" evidence.  *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111,

114 (5th Cir. 1978).

In support of his Motion for Summary Judgment, Plaintiff states that he has provided

evidence of an assault and injuries.  Plaintiff has failed to point to anything in the record that

would demonstrate that there is no genuine issue of material fact.  This case is set for a bench

trial on January 20, 2006, and the issues of liability and damages will be presented at that time.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion [43] for

Summary Judgment is DENIED.

SO ORDERED, this the 14th day of January, 2005.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE